IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Cicely Mitchell, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Sessoms & Rogers, P.A.; | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Cicely Mitchell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Cicely Mitchell ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Sessoms & Rogers, P.A. ("Sessoms"), is a North Carolina business entity with an address of 3326 Chapel Hill Blvd., Suite A 200, Durham, NC 27707, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. The "Collectors" are individual collectors employed by Sessoms and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Sessoms at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred an alleged financial obligation (the "Debt") to MBNA, the original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Sessoms for collection, or Sessoms was employed by the Creditor to collect the Debt.

11. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Sessoms Engages in Harassment and Abusive Tactics

12. Sessoms has placed calls to Plaintiff after 9p.m. blocking its number from caller id in an attempt to collect the Debt.

13. Sessons has threatened the Plaintiff with imprisonment, in an attempt to collect the Debt.

14. Sessoms has threatened to seize Plaintiff's automobile, in an attempt to collect the Debt. No such action has been taken to date.

15. Sessom failed to send Plaintiff verification within thirty days after receiving request for validation from Plaintiff.

### C. Plaintiff Suffered Actual Damages

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff after 9:00 p.m.

3

20. The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendant used profane and abusive language when speaking with the consumer.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with imprisonment if the Debt was not paid.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with seizure of his property if the Debt was not paid.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of the amount of the Debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendant failed to send the Plaintiff a validation notice informing the Plaintiff of the stating Plaintiff's right to dispute the Debt.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

31. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

32. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

33. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendants used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

34. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendants used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

35. The Defendant's conduct violated N.C. Gen.Stat. § 75-54(4) in that Defendants falsely represented the character, extent, or amount of a debt against the Plaintiff or of its status in legal proceeding; falsely represented that the collector was in any way connected with an agency of the federal, State or local government; or falsely represented the creditor's rights or intentions.

36. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the North Carolina Debt Collection Act, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

38. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

40. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

41. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43. Defendants could reasonably foresee it's conduct would cause mental anguish and severe emotional distress to Plaintiff.

44. Plaintiff did indeed suffer mental anguish and emotional distress.

45. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 28, 2011

Respectfully submitted,

By /s/ Stacie Watson

Stacie Watson, Esq.
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666